IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SY LEE CASTLE, | ) | No. C 12-2193 LHK (PR) |
| Plaintiff, | ) ) | DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION |
| vs. | ) ) ) | |
| M. SEPULVEDA, | ) ) | |
| Defendant. | ) ) | |

Plaintiff, a California state prisoner proceeding *pro se*, filed a civil rights action under 42 U.S.C. § 1983, against Dr. M. Sepulveda. On August 6, 2012, the Court ordered service upon Defendant. On September 26, 2012, the Court received Defendant's executed waiver of service. On October 5, 2012, Plaintiff requested leave to file an amended complaint. On November 9, 2012, the Court granted Plaintiff's motion for leave to amend, and vacated the briefing schedule pending the Court's screening of Plaintiff's anticipated amended complaint. That same day, Plaintiff filed a notice indicating that he would not, in fact, be filing an amended complaint.

Accordingly, the Court will proceed on Plaintiff's original complaint, and his claim that Defendant was deliberately indifferent to Plaintiff's serious medical needs.

**CONCLUSION**

1. No later than **ninety (90) days** from the date of this order, Defendant shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claim

in the complaint.

    a.    If Defendant elects to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendant <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

    b.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **<u>Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.</u>**

2.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **twenty-eight (28) days** from the date Defendant's motion is filed.  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

3.    Defendant <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

4.    The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

5.    All communications by the Plaintiff with the Court must be served on Defendant or Defendant's counsel, by mailing a true copy of the document to Defendant or Defendant's counsel.

6.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further Court order is required before the parties may conduct discovery.

7.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a

1  timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
2  pursuant to Federal Rule of Civil Procedure 41(b).
3      IT IS SO ORDERED.
4  DATED:   11/21/12

LUCY H. KOH
United States District Judge

Directing Defendant to File Dispositive Motion or Notice Regarding Such Motion
G:\PRO-SE\SJ.LHK\CR.12\Castle193srv2.wpd       3