IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SY LEE CASTLE,<br><br>             Plaintiff,<br><br>   vs.<br><br>M. SEPULVEDA,<br><br>             Defendant. | No. C 12-2193 LHK (PR)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST FOR CONTINUANCE<br><br>(Docket Nos. 24, 25) |

Plaintiff, a California state prisoner proceeding *pro se*, filed a civil rights action under 42 U.S.C. § 1983, against Dr. M. Sepulveda. In his complaint, Plaintiff alleges that Defendant was deliberately indifferent to his serious medical needs. On February 19, 2013, Defendant filed a motion for summary judgment. On March 4, 2013, Plaintiff filed a motion for continuance under Federal Rule of Civil Procedure Rule 56(d). On March 11, 2013, Plaintiff filed a motion for extension of time to file an opposition to Defendant's motion for summary judgment. For the reasons stated below, the Court GRANTS Plaintiff's request for an extension of time to file his opposition to defendant's motion for summary judgment, but DENIES it to the extent that he requests staying this proceeding to seek further discovery pursuant to Rule 56(d).

Federal Rule of Civil Procedure 56(d) is a device for litigants to avoid summary judgment when the non-movant needs to discover affirmative evidence necessary to oppose the motion. *See Garrett v. San Francisco*, 818 F.2d 1515, 1518 (9th Cir. 1987). In making a Rule

56(d) motion, a party opposing summary judgment must make clear "what information is sought and how it would preclude summary judgment." *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998); *see, e.g., id.* at 853-54 (district court correctly denied motion for continuance to engage in further discovery under Rule 56(d) where plaintiff did not provide any basis or factual support for his assertions that further discovery would lead to the facts and testimony he described, and his assertions appeared based on nothing more than "wild speculation").  Rule 56(d) requires that the requesting party show (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery, (2) the facts sought exist, and (3) the sought-after facts are essential to oppose summary judgment. *Family Home and Finance Center, Inc. v. Federal Home Loan Mortgage Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).

Here, Plaintiff requests an indefinite extension of time in which to conduct discovery and oppose Defendant's motion for summary judgment.  Plaintiff has been permitted to conduct discovery from the moment Defendant waived service on September 26, 2012.  Plaintiff does not demonstrate how any "additional discovery would [] reveal[] specific facts precluding summary judgment," *see Tatum v. City and County of S.F.*, 441 F.3d 1090, 1101 (9th Cir. 2006), or how the sought-after facts are essential to oppose summary judgment, *Family Home and Finance Center, Inc.*, 525 F.3d at 827.  Nor does he specify what facts he hopes to elicit.  Thus, Plaintiff is not entitled to a continuance for the purpose of conducting additional discovery pursuant to Rule 56(d).

However, due to the fact that Plaintiff's opposition is already overdue, the Court will GRANT Plaintiff a twenty-eight-day continuance in which to file his opposition to the motion for summary judgment.  Plaintiff is directed to file an opposition to Defendant's motion for summary judgment **no later than twenty-eight days** from the filing date of this order.  Defendant shall file a reply **fourteen days thereafter**.

IT IS SO ORDERED.

DATED: 3/26/13

LUCY H. KOH
United States District Judge